United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD RAY EUBANKS, TDCJ #01593107, | § § § |
| *Plaintiff,* | § § |
| v. | § § |
| TDCJ, *et al.,* | § § § |
| *Defendants.* | § |

Civil Action No. H-21-1879

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner represented by retained counsel, filed an amended civil complaint against the Texas Department of Criminal Justice ("TDCJ"), the University of Texas Medical Branch ("UTMB"), and UTMB employees Folasade Ojo, M.D., Cynthia Ho, M.D., John Bauer, M.D.,[1] and Eduardo Orihuela, M.D. He brings claims for deliberate indifference under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act ("ADA"), and malpractice and/or negligence under state tort law. (Docket Entry No. 38.)

Pending before the Court are the following:

1.   The Motion to Dismiss (Docket Entry No. 45) filed by defendants TDCJ and UTMB, to which plaintiff filed a response (Docket Entry No. 60);

2.   The Amended/Supplemental Motion to Dismiss (Docket Entry No. 65) filed by defendants TDCJ and UTMB;

---

[1]Defendant Bauer states in his Motion to Dismiss that plaintiff incorrectly named him in the amended complaint as "Dr. Bower, M.D."

3.      The Motion to Dismiss filed by defendants Orihuela and Bauer (Docket Entry No. 59), to which plaintiff filed a response (Docket Entry No. 66) and defendants filed a reply (Docket Entry No. 67); and

4.      The Motion to Dismiss filed by defendants Ho and Ojo (Docket Entry No. 70), to which plaintiff filed a response (Docket Entry No. 73).

Having considered the motions, responses and reply, the pleadings, the record, and the applicable law, the Court **GRANTS IN PART**, **DENIES IN PART**, and **DISMISSES IN PART** the motions to dismiss, and **GRANTS** plaintiff leave to amend certain claims for the reasons discussed below.

## I.  BACKGROUND AND CLAIMS

The events underlying plaintiff's claims in this lawsuit span nearly fifteen years, and encompass two federal lawsuits and appeals, two mediations, a negotiated final settlement agreement, and dismissal of his claims with prejudice in 2015.

Plaintiff is a paraplegic due to injuries he sustained in a 1982 motor vehicle accident. He entered the TDCJ prison system in August 2009, following eight convictions for aggravated sexual assault of a child, indecency with a child, sexual performance by a child, and possession of child pornography.  He is serving a life sentence, and will become eligible for parole in October 2039.

Proceeding through retained counsel, plaintiff filed his first civil lawsuit in September 2011, raising claims against TDCJ, UTMB, and various state employees under section 1983

2

and the ADA.  *Eubanks v. Naik*, C.A. No. G-11-0432 (S.D. Tex.) ("*Naik.*").  The claims

arose from events commencing in August 2009 following plaintiff's arrival at TDCJ.  After

a series of chronic infections in prison, plaintiff lost both legs and underwent removal of a

testicle, a portion of his colon, and an artificial bladder sphincter.  Plaintiff (through counsel

of record), TDCJ, and UTMB settled the lawsuit, executed a compromise and settlement

agreement ("CSA"), and filed a stipulated dismissal with prejudice on April 29, 2015.  The

Court dismissed the lawsuit with prejudice pursuant to the stipulation on May 1, 2015, and

no further action was taken in the lawsuit.[2]

Six years later in June 2021, and proceeding *pro se* at the time, plaintiff filed the 113-

page civil complaint that commenced the instant second lawsuit.  Plaintiff sued nineteen

named and fifteen unnamed employees of TDCJ and UTMB, claiming deliberate indifference

to his serious medical needs, violations of the ADA, and violations of unspecified state

statutes.  (Docket Entry No. 1.)  In pleading his claims, plaintiff included allegations and

events that were pleaded in the earlier *Naik* lawsuit and raised claims that were settled and

dismissed in 2015 pursuant to the stipulated dismissal.  (Docket Entries No. 1-1, 1-2.)

---

[2]A copy of the *Naik* CSA is attached to TDCJ and UTMB's pending motion to dismiss. (Docket Entry No. 45-2.)  As part of the agreed settlement and dismissal, UTMB was substituted in as a party defendant in place of the individual defendant physicians named in that lawsuit.  *Id.*, Exhibit A.  Plaintiff makes reference to the settlement agreement in his original complaint (Docket Entry No. 1, pp. 1, 4) and amended complaint (Docket Entry No. 38, ¶ 1).  Consequently, the Court can rely on the CSA and its attendant documents for purposes of the pending motions to dismiss. *See George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

3

Following plaintiff's unsuccessful *pro se* interlocutory appeal of the Court's denial of appointment of counsel, counsel for plaintiff made an appearance on plaintiff's behalf on August 31, 2022, and moved for leave to amend the complaint. The Court granted leave to amend, and counsel filed plaintiff's amended complaint on November 23, 2022. (Docket Entry No. 38.) The amended complaint remains plaintiff's operative pleading in this case.

In the amended complaint, plaintiff names as defendants TDCJ, UTMB, Ho, Ojo, Orihuela, and Bauer. He incorporates by reference all factual allegations pleaded in his original complaint. *Id.*, ¶ 15. Plaintiff raises the following claims in the amended complaint:

(1) Defendants TDCJ and UTMB violated the ADA by not providing him with a wheelchair.[3] (Docket Entry No. 38, ¶ 27.) He raises no other claims against these state government agencies.

(2) Defendants Ho and Ojo denied him use of a wheelchair to "get around in his cell and so that he can be wheeled to the law library and outside for air and do other things in the TDCJ prison[.]" *Id.*, ¶ 16. He further claims that Ho and Ojo were deliberately indifferent to his serious medical need to "seal up the wounds that are open on [his] body causing infection and severe pain." *Id.*, ¶ 17. Plaintiff alleges that Ho "was promoted at some time but is still in a supervisory position" of approving or not approving plaintiff's medical care. *Id.* He alleges that Ho and Ojo violated his constitutional rights for purposes of section 1983, which "led to his immense suffering for many days." *Id.*, ¶ 19. He pleads no supporting factual allegations as to the latter claims.

(3) Defendants Orihuela and Bauer violated his constitutional rights for purposes of section 1983, which "led to his immense suffering for many days." *Id.*, ¶ 19. Plaintiff again pleads no supporting factual allegations.

---

[3]Plaintiff acknowledges in his response that his claim is brought under Title II of the ADA. (Docket Entry No. 60, p. 5.)

(4)    Defendants Ho, Ojo, Orihuela, and Bauer committed malpractice under state law in that they "misdiagnosed and/or failed to inform others or properly diagnose [his] condition[,] delayed his treatment and failed to treat him for his conditions[.]" *Id.*, ¶¶ 24–25.

As judicial relief, plaintiff seeks compensatory and punitive damages, attorney's fees, costs of court, and injunctive relief ordering the defendants to provide him with a wheelchair for his use while in prison. *Id.*, ¶ 29.

Defendants move for dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), FRCP 12(b)(6), and applicable state law. Plaintiff opposes the motions, but moves for leave to amend should the Court dismiss any of his claims.

## II.  LEGAL STANDARDS

### A.    FRCP 12(b)(1)

A case is properly dismissed under FRCP 12(b)(1) for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction, which is plaintiff in this case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To test whether the party asserting jurisdiction has met its burden under FRCP 12(b)(1), a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

B.    FRCP 12(b)(6)

To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.  The facts alleged in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021); *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).  However, the court does not accept as true "[c]onclusory allegations, unwarranted factual inference, or legal conclusions," *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005), or "naked assertions and formulaic recitations of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  If a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

In considering a FRCP 12(b)(6) motion, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, a district court may consider certain information outside of the pleadings "if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

C.    Section 1983– Pleadings

Plaintiff contends throughout his responses to the pending motions that he raised viable section 1983 claims against the four defendant physicians. He alleges in his amended complaint that they "deprived [him] of his constitutional rights provided by federal law that occurred under color of state law and were caused by a state actor." (Docket Entry No. 38, ¶¶ 18–22.) He further refers to them throughout his original complaint as his "UTMB physicians." Defendants allege in their pending motions that the defendant physicians were employed by UTMB as physicians at all times relevant to plaintiff's claims against them. Plaintiff has not alleged in his responses that the defendant physicians were not employed by UTMB. It is undisputable that TDCJ and UTMB are state government agencies.

In light of these allegations, the pleadings show for purposes of FRCP 12(b)(6) that defendants Ho, Ojo, Orihuela, and Bauer were state actors employed by UTMB as physicians at all times relevant to plaintiff's section 1983 claims. In the alternative, a reasonable

7

inference can be drawn from the pleadings that defendants Ho, Ojo, Orihuela, and Bauer were state actors employed by UTMB as physicians at all times relevant to plaintiff's section 1983 claims.

D.    Texas Tort Claims Act – Pleadings

The defendant physicians contend in their pending motions that plaintiff's malpractice and/or negligence claims arise under, and are governed by, the Texas Tort Claims Act ("TTCA").  They further assert that they were acting within the scope of their employment with UTMB at all times relevant to plaintiff's claims.  In responding to the motions, plaintiff argues that certain provisions of the TTCA are factually inapplicable, but he does not argue that his state tort law claims do not arise under, or are not governed by, the TTCA.  He further does not argue that the defendant physicians were not UTMB employees acting within the scope of their employment at all times relevant to his state tort law claims.

Because the parties' pleadings show for purposes of FRCP 12(b)(6) that the defendant physicians were acting within the scope of their employment with UTMB at all relevant times, plaintiff's state tort law claims presumptively arise under, and are governed by, the TTCA.  In the alternative, the pleadings allow a reasonable inference to be made under FRCP 12(b)(6) that the defendant physicians were acting within the scope of their employment with UTMB at all relevant times.

For purposes of FRCP 12(b)(1), the defendant physicians allege that they were acting within the scope of their employment with UTMB at all times relevant to plaintiff's state tort

8

law claims, and plaintiff does not dispute this allegation in responding to the motions. *See*

*Barrera–Montenegro*, 74 F.3d at 659.

### III.   MOTION TO DISMISS – DEFENDANTS TDCJ AND UTMB

Plaintiff claims that defendants TDCJ and UTMB violated his rights under the ADA

by refusing to provide him with a wheelchair.  (Docket Entry No. 38, ¶ 27.)   TDCJ and

UTMB move to dismiss this claim pursuant to FRCP 12(b)(1) and 12(b)(6). (Docket Entry

No. 45.)  In support, they argue that they are entitled to sovereign immunity under Title II of

the ADA; that plaintiff's claim for a wheelchair is barred as *res judicata* and by the

applicable two-year statute of limitations; and that plaintiff fails to state a viable ADA claim.

Plaintiff disputes these arguments in his response.  (Docket Entry No. 60.)

### A.   Sovereign Immunity

Defendants contend they are entitled to sovereign immunity under Title II of the ADA,

citing *United States v. Georgia*, 546 U.S. 151, 159 (2006). In his response, plaintiff argues

that he meets the abrogation requirements of *Georgia* and his claim is not barred.

Federal courts lack jurisdiction over suits against a state, state agency, or state official

in his or her official capacity "unless that state has waived sovereign immunity or Congress

has clearly abrogated it.  *NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 393–94 (5th Cir.

2015).  The abrogation consideration for Title II ADA claims requires an inquiry into: "(1)

which aspects of the State's alleged conduct violated Title II; (2) to what extent such

misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct

9

violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Luke v. Texas*, 46 F.4th 301, 305 (5th Cir. 2022). Thus, this Court must first determine whether plaintiff has pleaded factual allegations sufficient to show conduct by TDCJ and UTMB that violated Title II of the ADA.

To make out a claim under Title II, plaintiff must plead factual allegations sufficient to show (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in, or denied the benefits of, services, programs, or activities for which the public entity is responsible, or was otherwise being discriminated against; and (3) that such discrimination is because of his disability. 42 U.S.C. § 12132; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

In pleading his ADA claim against TDCJ and UTMB, plaintiff alleges that they violated the ADA by not providing him a wheelchair. This bare assertion, even coupled with allegations pleaded elsewhere in his amended complaint, fails to present plausible facts to support the elements of a *prima facie* violation of Title II of the ADA. Although he shows that he is disabled for purposes of Title II, plaintiff pleads no factual allegations sufficient to show that, by denying plaintiff's requests for a wheelchair, TDCJ and UTMB excluded him from participation in, or denied him the benefits of, services, programs, or activities for which the public entity is responsible, or that he was otherwise being discriminated against, and that such discrimination was because of his disability. To the contrary, plaintiff alleges

10

in his original complaint that he was denied a wheelchair because his UTMB physician did not want him sitting. (Docket Entry No. 1, ¶ 140.) Plaintiff acknowledges that his scar tissue "will not support weight and friction to sit on for any period without tearing as it is not viable tissue." *Id.*, ¶ 103. His allegations are insufficient to show that, by denying him a wheelchair, TDCJ and UTMB discriminated against him because of his disability. Accordingly, he has not established abrogation of immunity under *Georgia*.

Defendants' motion to dismiss for lack of jurisdiction under FRCP 12(b)(1) is **GRANTED** and plaintiff's ADA claim against TDCJ and UTMB is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to support a viable claim against TDCJ and UTMB under Title II of the ADA.

B.    *Res Judicata*

Defendants TDCJ and UTMB further move for dismissal of plaintiff's ADA claim under FRCP 12(b)(6) as *res judicata* due to the 2015 CSA in *Naik*. Plaintiff counters that the wheelchair-related ADA claim in *Naik* and the wheelchair-related ADA claim raised in the instant lawsuit are different claims. That is, plaintiff argues that his current claim is based on conduct not governed by the CSA.

Under Texas law, four elements trigger claim preclusion by *res judicata*: (1) the parties to both actions are identical, or at least in privity; (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final

11

judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004). The parties here agree that the first three elements are present: the relevant parties in both *Naik* and the instant case are plaintiff, TDCJ, and UTMB; the *Naik* judgment was rendered by a court of competent jurisdiction; and *Naik* concluded with a final judgment on the merits. Plaintiff argues that the fourth element is absent, in that the same claim or cause of action is not involved in both lawsuits.

Plaintiff alleged in *Naik* that TDCJ and UTMB violated the ADA by not providing him with a wheelchair. He alleges in his amended complaint in the instant case that he "brings a claim under the Americans with Disabilities Act against TDCJ and UTMB for not providing a wheelchair to [him]."[4] On their face, the ADA claims would appear to be the same for purposes of *res judicata*.

As the parties contend that the *Naik* CSA supports their respective *res judicata* arguments, the Court will examine those provisions of the CSA that governed settlement of plaintiff's ADA claim against TDCJ and UTMB. The CSA provides as follows:

> 6.  Eubanks will be provide a motorized wheelchair medically suitable for his condition and capable of off-loading his wounds at UTMB's expense *at such time as he is deemed able to become mobile as determined by his UTMB treating physician* (with input, if any, from any person conducting an independent medical exam on Eubanks under

---

[4]As no specific timeframes are pleaded in the amended complaint, plaintiff's ADA claim must have accrued no earlier than two years prior to June 7, 2021, the date plaintiff filed the instant lawsuit.

the criteria set forth in No. 1 above).  Final decision-making authority regarding the type of motorized wheelchair shall remain at all times with UTMB's Physical Medicine & Rehabilitation Specialist and his UTMB treating physician.

(Docket Entry No. 45-2; emphasis added.)

In arguing that his current ADA claim is not *res judicata*, plaintiff alleges that TDCJ and UTMB violated the following ancillary provision in the CSA:

1. Eubanks shall be allowed to request and arrange, at his own expense and on a semi-annual basis, an evaluation by a doctor designated by him for the purpose of making recommendations to, and consulting with, UTMB physicians regarding his course of treatment.  Any such evaluation shall be conducted in accordance with Correctional Managed Health Care Policy, E-44.2, Examination of Offenders by Private Practitioners.  *Final decision-making authority on Eubanks's course of treatment shall remain at all times with his UTMB treating physicians.*

*Id.*, emphasis added.  Plaintiff argues that TDCJ and UTMB ignored his 2018 request for an outside medical evaluation under the above provision.  However, his argument does not alter the outcome in this instance.  Plaintiff does not allege that he requested and was denied an outside evaluation at any time within two years prior to his filing of the instant lawsuit.  Even assuming he had made such a request, the CSA provisions do not require plaintiff to undertake an outside medical evaluation in order to warrant a wheelchair, nor do they require his UTMB treating physicians to provide him a wheelchair based on an outside medical evaluation. That is,  plaintiff's inability to obtain an independent medical evaluation in 2018 plays no role in the Court's analysis of the *res judicata* bar.

13

Plaintiff pleads no factual allegations in either his amended complaint or his response to the motion to dismiss showing that the conditions underlying his right to a wheelchair under the CSA have ripened. That is, he does not allege that his UTMB treating physician has deemed him able to become mobile through use of a wheelchair. In absence of such pleading, plaintiff's current ADA claim regarding denial of a wheelchair is a continuation of his earlier ADA claim raised and settled in *Naik*.

Because the CSA settled plaintiff's ADA claim, and because his current ADA claim is a continuation of the settled ADA claim, plaintiff's current ADA claim is barred as *res judicata*. Plaintiff may not here seek injunctive relief against TDCJ and UTMB for provision of a wheelchair as relief for their violation of his rights under Title II of the ADA, as that issue was settled by the CSA and dismissed with prejudice in 2015.

Defendants' motion to dismiss plaintiff's ADA claim under FRCP 12(b)(6) as *res judicata* is **GRANTED**, and plaintiff's ADA claim seeking injunctive relief to be provided a wheelchair is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a viable ADA claim against TDCJ and UTMB that was not dismissed with prejudice in *Naik*. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

14

C.     Expiration of Limitations

Defendants further contend that plaintiff's ADA claim for denial of a wheelchair is barred by the applicable two-year statute of limitations.  Plaintiff disagrees, arguing that his ADA claim arose within two years prior to the filing of this lawsuit because defendants have continued to deny his requests for a wheelchair.

Plaintiff's ADA claim is governed by a two-year statute of limitations.  *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011).  An ADA claim accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Brockman v. Tex. Dep't of Crim. Justice*, 397 F. App'x 18, 21 (5th Cir. 2010); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

Limitations is an affirmative defense.  *See* FED. R. CIV. P. 8(c)(1).  To obtain a FRCP 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings.  *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

Plaintiff's amended complaint does not plead a commencement date for his ADA claim.  To the contrary, plaintiff incorporates by reference all of the factual allegations pleaded in his original complaint, which encompass a timeframe of nearly fifteen years, including settlement of his wheelchair-related ADA claim in 2015.  (Docket Entry No. 38 at ¶ 15.)  Thus, defendants are entitled to dismissal of plaintiff's wheelchair-related ADA claim as barred by limitations to the extent the claim arose prior to June 7, 2019.

Defendants' motion to dismiss plaintiff's ADA claims under FRCP 12(b)(6) as barred by limitations is **GRANTED** and plaintiff's ADA claim is **DISMISSED WITH PREJUDICE** to the extent the claim arose prior to June 7, 2019. Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a viable wheelchair-related ADA claim that accrued on or after June 7, 2019. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

D.      No Viable ADA Claim is Raised

Defendants additionally argue that plaintiff's claim for denial of a wheelchair fails to raise a viable claim under the ADA. The Court addressed this ground for dismissal as part of defendants' Rule 12(b)(1) sovereign immunity argument, *supra*, and determined that plaintiff's amended complaint fails to plead factual allegations sufficient to raise a viable claim against TDCJ and UTMB under Title II of the ADA.

Defendants' motion to dismiss plaintiff's ADA claim under FRCP 12(b)(6) for failure to state a viable claim is **GRANTED** and plaintiff's ADA claim against TDCJ and UTMB is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a viable claim against TDCJ and UTMB for relief under Title II of the ADA. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

E.     Claims Under Section 1983

In his response to the motion to dismiss, plaintiff contends that defendants TDCJ and UTMB have not moved to dismiss the section 1983 claims he raised against them in paragraphs 6 and 18–22 of his amended complaint and page 1 of his original complaint.

The Court has reviewed those portions of the complaints cited by plaintiff and notes that no viable section 1983 claim is raised against TDCJ and UTMB.  In his amended complaint, plaintiff does nothing more than cite section 1983 as a ground for jurisdiction (Docket Entry No. 38, ¶ 6) and state in general terms that all of the defendants "deprived [him] of his constitutional rights provided by federal law that occurred under color of state law and were caused by a state actor." *Id.*, ¶¶ 18–22.  In his original complaint, plaintiff cites section 1983 as a ground for jurisdiction and states in general terms that the nearly three dozen defendants named therein violated his First, Eighth, and Fourteenth Amendment rights.  (Docket Entry No. 1, p. 1.)

To survive a FRCP 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 573.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  Plaintiff pleads no specific factual allegations in his amended complaint raising a viable claim for relief under section 1983 as to TDCJ and UTMB. Moreover, plaintiff cannot rely on the factual allegations pleaded in his original complaint, as those allegations

17

encompass claims that were either settled or dismissed in *Naik*, were barred by the two-year statute of limitations at the time the instant action was filed, or are non-specific as to any actionable conduct by TDCJ and UTMB.

Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a viable section 1983 claim against defendants TDCJ and UTMB, and to plead the specific relief he is seeking against them under section 1983. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

## IV.  AMENDED SUPPLEMENTAL MOTION TO DISMISS – DEFENDANTS TDCJ AND UTMB

In their amended supplemental motion to dismiss, defendants TDCJ and UTMB move for dismissal of plaintiff's state tort law claims against them for lack of subject matter jurisdiction under FRCP 12(b)(1).  (Docket Entry No. 65.)  Plaintiff did not file a response directed to the amended supplemental motion to dismiss.

TDCJ and UTMB acknowledge in an earlier pleading that plaintiff does not appear to have raised state tort law claims against them, and move for dismissal of any such claims solely "out of an abundance of caution."  (Docket Entry No. 64, p. 2.)  The Court has carefully reviewed plaintiff's amended complaint and finds that no state tort law claims have been raised against TDCJ or UTMB.  Although defendants direct the Court to page 7 of plaintiff's amended complaint as possibly raising such claims, plaintiff expressly and

unambiguously pleads that his state tort law claims are being raised against "the individually named defendants" and "the Individual Defendants." (Docket Entry No. 38, p. 7, ¶¶ 24–25.) Plaintiff names Orihuela, Bauer, Ho, and Ojo as the individually-named defendants in his amended complaint.  TDCJ and UTMB, as state government agencies, have not been sued for violation of state tort laws.

Consequently, the Court **DENIES WITHOUT PREJUDICE AND AS MOOT** TDCJ and UTMB's amended supplemental motion to dismiss plaintiff's state tort law claims. (Docket Entry No. 65.)

## V.  MOTION TO DISMISS – DEFENDANTS ORIHUELA AND BAUER

Defendants Orihuela and Bauer move under FRCP 12(b)(6) to dismiss plaintiff's state tort law claims against them. (Docket Entry No. 59.) Plaintiff filed a response (Docket Entry No. 66), to which defendants filed a reply (Docket Entry No. 67).

In support of their motion to dismiss, defendants argue that plaintiff's state tort law claims should be dismissed pursuant to Texas Civil Practice & Remedies Code § 101.106(f) (election of remedies); that the claims are barred by the applicable two-year statute of limitations; and that the claims were settled in *Naik* and should be dismissed pursuant to Texas Civil Practice & Remedies Code § 101.106(c) (prior settlement).

Plaintiff disagrees with these grounds for dismissal,[5] and further argues that Orihuela and Bauer did not seek dismissal of his section 1983 claims against them.  In their reply, Orihuela and Bauer argue that plaintiff did not plead any section 1983 claims against them.

A.    Section 1983 Claims

Plaintiff argues in his response that he pleaded viable section 1983 claims against Orihuela and Bauer. (Docket Entry No. 66, n.18.)  In support, he directs the Court to specific portions of his amended complaint (Docket Entry No. 38, ¶¶ 6, 18–22) and his original complaint (Docket Entry No. 1, p. 1).   The Court has reviewed these portions of the complaints and finds that they do not raise a viable section 1983 claim against Orihuela and Bauer.  To the contrary, the specified portions of the amended complaint recite general legal principles unsupported by factual allegations.  Likewise, the specified portion of plaintiff's original complaint sets forth nothing more than the conclusory terms "retaliation," "deliberate indifference," "section 1983," and "the First, Eighth, and Fourteenth, [sic] amendments" without supporting factual allegations.  Plaintiff fails to show that he raised viable section 1983 claims against Orihuela and Bauer.

Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a viable section 1983 claim against

---

[5]Among other arguments, Plaintiff contends that, "In cases like this, where facts related to municipal liability are alleged, the Court should give plaintiffs [sic] the benefit of the doubt where possible, as they [sic] have not yet had the opportunity for discovery." (Docket Entry No. 66, p. 3.) The Court will not address this argument, as plaintiff has not sued any municipal employees or entities and pleads no factual allegations related to municipal liability.

Orihuela and Bauer. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

Orihuela and Bauer's claim for entitlement to qualified immunity is **DISMISSED WITHOUT PREJUDICE AS MOOT** at this time. Defendants may reassert their claim for qualified immunity following plaintiff's filing of an amended complaint pleading factual allegations sufficient to raise a viable section 1983 claim against them.

### B.   Election of Remedies

Plaintiff brings state tort law claims against defendants Orihuela and Bauer for negligence and/or malpractice. (Docket Entry No. 38, ¶¶ 24–25.) As noted earlier, plaintiff has not brought state tort law claims against TDCJ and UTMB. Defendants argue that section 101.106(f) of the TTCA requires dismissal of plaintiff's state tort law claims against them. Under section 101.106(f) of the TTCA,

> If a suit is filed against an employee of a governmental unit *based on conduct within the general scope of that employee's employment* and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).

In *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), the Texas Supreme Court explained that section 101.106(f) was intended to "foreclose suit against a government

21

employee in his individual capacity if he was acting within the scope of employment." *Id.*
at 381. Further, immunity under the TTCA extends to negligence or medical malpractice
claims against a defendant in his individual and official capacity for the actions taken as a
health care provider employed by UTMB. *Taylor v. Poffinbarger*, No. H-20-2428, 2021 WL
356831, at *11 n. 96 (S.D. Tex. Feb. 2, 2021) (citing *Franka*, 332 S.W.3d at 381–83).

Plaintiff could have brought his state tort law claims against UTMB. Whether
plaintiff could ultimately prevail against the state government agency does not bear on
whether such claim "could have been brought" under the TTCA for these purposes. *See
Franka*, at 375 (holding that a tort action "could have been brought" under the TTCA even
if the governmental entity was immune from such action).

Defendants' motion for dismissal under section 101.106(f) is properly considered a
challenge to the Court's subject matter jurisdiction and will be reviewed under FRCP
12(b)(1). It is plaintiff's burden to prove the Court has subject matter jurisdiction to
adjudicate his TTCA claims against Orihuela and Bauer. *See Ramming*, 281 F.3d at 161.
In determining whether plaintiff has met that burden, a court may rely upon the complaints,
the complaints supplemented by undisputed facts evidenced in the record, or the complaints
supplemented by undisputed facts plus the court's resolution of disputed facts.
*Barrera–Montenegro*, 74 F.3d at 659.

Defendants Orihuela and Bauer assert in their motion to dismiss that they were acting
within the scope of their employment as physicians with UTMB at all times relevant to

plaintiff's state tort law claims against them.  In responding to the motion, plaintiff does not dispute their assertion and has not amended his complaint to allege that they were not acting within the scope of their employment with UTMB.  Consequently, the pleadings and record show that Orihuela and Bauer were acting within the scope of their employment as UTMB physicians at the times relevant to plaintiff's TTCA claims.  Plaintiff does not argue or demonstrate that he could not have brought his claims against UTMB and/or TDCJ.  Orihuela and Bauer are entitled to dismissal of plaintiff's TTCA claims pursuant to section 101.106(f).

Defendants Orihuela and Bauer's motion to dismiss plaintiff's state tort law claims pursuant to section 101.106(f) is **GRANTED**.  Plaintiff's TTCA claims against Orihuela and Bauer are **DISMISSED WITHOUT PREJUDICE** under FRCP 12(b)(1).

C.    Limitations

Defendants further argue that plaintiff's TTCA claims arising from incidents or events that occurred prior to two years before this lawsuit was filed are barred by limitations.  The Court will address this issue in the alternative, as it dismissed plaintiff's TTCA claims against Orihuela and Bauer pursuant to section 101.106(f), *supra*.

The statute of limitations for healthcare liability claims is two years.  TEX. CIV. PRAC. & REM. CODE § 74.251(a).  Plaintiff filed this lawsuit on June 7, 2021.  Plaintiff's original complaint pleads factual allegations against Orihuela and Bauer that occurred prior to June 7, 2019, and his amended complaint fails to plead factual allegations as to the dates any new claims against them arose or otherwise accrued.  As plaintiff expressly incorporates into his

amended complaint the factual allegations pleaded in his original complaint, his claims against Orihuela and Bauer are barred, at least in part, by the two-year statute of limitations.

Plaintiff counters that his "complaint is based on new conduct, and subsequent wrongs by the same defendant constitute new causes of action." (Docket Entry No. 66, p. 5.) This argument affords plaintiff no legal or factual support, as his complaints wholly fail to plead factual allegations showing that his TTCA claims against Orihuela and Bauer are based on new conduct that gave rise to new claims accruing on or after June 7, 2019.

To any extent the Court has jurisdiction over plaintiff's TTCA claims against Orihuela and Bauer, his claims that accrued prior to June 7, 2019, are barred by the two-year statute of limitations and are **DISMISSED WITH PREJUDICE**.

D.    <u>Prior Settlement</u>

Defendants argue that plaintiff's claims against them were settled in *Naik* and should be dismissed pursuant to section 101.106(c) of the TTCA. The Court will address this issue in the alternative, as it dismissed plaintiff's TTCA claims against Orihuela and Bauer pursuant to section 101.106(f), *supra*.

Texas Civil Practice & Remedies Code § 101.106(c) provides as follows:

The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recover from any employee of the same governmental unit regarding the same subject matter.

TEX. CIV. PRAC. & REM. CODE § 101.106(c).

24

Plaintiff does not address the bar imposed by 101.106(c) as to his claims against the UTMB employees regarding the same subject matter in the CSA. To the contrary, he argues that his current claims against Orihuela and Bauer are not the same claims as were settled and dismissed with prejudice in *Naik*. Plaintiff misses the mark; section 101.106(c) bars state tort law claims against "any employee of the same governmental unit *regarding the same subject matter*" as was covered in the settlement. Section 101.106(c) does not require that the current claims be the same as the settled claims; the current claims need only arise from the same subject matter as the settled claims.

Nonetheless, the settlement bar imposed by section 101.106(c) applies only to "settlement of a claim arising under this chapter." Plaintiff did not bring state tort claims against the defendants in the *Naik* case, and it cannot be said at this juncture that *Naik* involved settlement of a claim arising under the TTCA. Consequently, section 101.106(c) does not bar plaintiff's current TTCA claims against Orihuela and Bauer.

To any extent the Court has jurisdiction over plaintiff's TTCA claims against Orihuela and Bauer, defendants' FRCP 12(b)(6) motion to dismiss plaintiff's state tort law claims pursuant to section 101.106(c) is **DENIED WITHOUT PREJUDICE**.

## VI. MOTION TO DISMISS – DEFENDANTS HO AND OJO

Defendants Ho and Ojo move under FRCP 12(b)(1) and FRCP 12(b)(6) to dismiss plaintiff's section 1983 and state tort law claims against them. (Docket Entry No. 70.) Plaintiff filed a response in opposition. (Docket Entry No. 73.)

Defendants acknowledge that, in his amended complaint, plaintiff raises section 1983 claims against them in their individual capacity for deliberate indifference to his serious medical needs. (Docket Entry No. 70, p. 1.) They further acknowledge that plaintiff raises claims against them under the TTCA for medical malpractice and/or negligence. *Id.* Plaintiff responds that his claims are viable and should not be dismissed.[6]

A.    Claims Under Section 1983

In his amended complaint, plaintiff alleges that Ho and Ojo were deliberately indifferent to his serious medical needs by not providing him with a wheelchair and in not closing his bodily wounds. Defendants argue that plaintiff's factual allegations fail to raise a viable claim for deliberate indifference, and that the claims are barred by the applicable two-year statute of limitations and the CSA.

i.    *Bodily Wounds*

Plaintiff claims that defendants Ho and Ojo were deliberately indifferent to his serious medical needs in not surgically closing his bodily wounds.

Defendants contend that the claim is barred by limitations. Plaintiff's section 1983 claims are governed by the Texas two-year statute of limitations. *See Wallace v. Kato*, 549

---

[6]Although plaintiff's response is titled, "Plaintiff's Response to Defendants Orihuela and Bower's Motion to Dismiss," it is clear from the body of the pleading that it is a response to defendant Ho and Ojo's motion to dismiss. Moreover, plaintiff again argues that he has alleged facts related to municipal liability without an opportunity for discovery. (Docket Entry No. 73, p. 3.) The Court reiterates that plaintiff has sued only state government agencies and employees of state government agencies.

U.S. 384, 387 (2007); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The statute of limitations for section 1983 claims begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

Plaintiff's amended complaint does not plead factual allegations establishing the date that his claim for deliberate indifference to his bodily wounds accrued, nor does he plead such information in his response. To the contrary, his original complaint pleads factual allegations regarding multiple wounds and timeframes, both before and after dismissal of *Naik*. Moreover, plaintiff's amended complaint states that he underwent surgery at UTMB on November 21, 2022, shortly prior to the filing of his amended complaint. (Docket Entry No. 38, ¶ 5.) However, he provides no factual allegations as to the nature of the surgery or state that the surgery closed the bodily wounds made the basis of his deliberate indifference claim in his amended complaint.

Plaintiff's deliberate indifference claim against Ho and Ojo regarding his bodily wounds, to the extent that the claim arose prior to June 7, 2019, is barred by the two-year statute of limitations and is **DISMISSED WITH PREJUDICE**. Plaintiff's deliberate indifference claim against Ho and Ojo regarding his bodily wounds, to the extent that the claim arose on or after June 7, 2019, is **DISMISSED WITHOUT PREJUDICE** under FRCP 12(b)(6). Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from

27

date of this order to plead factual allegations sufficient to raise a timely and viable deliberate indifference claim against Ho and Ojo regarding his bodily wounds.

Defendants further contend that plaintiff's claim is barred as *res judicata*. To the extent that plaintiff claims Ho and Ojo were deliberately indifferent to his serious medical need for closure of his bodily wounds, the amended complaint does not show that the claim is barred as *res judicata* in light of *Naik*. The claim would be barred if the bodily wounds made the basis of plaintiff's claim in the amended complaint existed at the time *Naik* was dismissed. This determination, however, cannot be made on the basis of plaintiff's current deficient pleadings, and the claim cannot be dismissed under FRCP 12(b)(6) as barred as *res judicata* at this time.

Defendants' motion to dismiss this claim as barred as *res judicata* is **DENIED WITHOUT PREJUDICE**.

> ii.  *Wheelchair*

Plaintiff further claims that defendants Ho and Ojo were deliberately indifferent to his serious medical need for a wheelchair.

Defendants contend that the claim for denial of a wheelchair is barred by the applicable two-year statute of limitations. No specific timeline is alleged in plaintiff's amended complaint, and his original complaint asserts that his requests for a wheelchair were denied both before and after the *Naik* settlement and dismissal.

Consequently, plaintiff's section 1983 claim against Ho and Ojo for denial of a wheelchair, to the extent that the claim arose prior to June 7, 2019, is barred by the two-year statute of limitations and is **DISMISSED WITH PREJUDICE**. To the extent that the claim arose on or after June 7, 2019, the claim is **DISMISSED WITHOUT PREJUDICE** under FRCP 12(b)(6). Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** from date of this order to plead factual allegations sufficient to raise a timely and viable deliberate indifference claim against Ho and Ojo regarding denial of a wheelchair. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

Defendants further contend that plaintiff's claim is barred as *res judicata* in light of the CSA and *Naik* dismissal. The pleadings show that plaintiff's claim for denial of a wheelchair by UTMB physicians in *Naik* was dismissed with prejudice on May 1, 2015. As discussed earlier, plaintiff and the defendants in *Naik* expressly agreed to the conditions under which plaintiff would be provided a wheelchair, as memorialized within their CSA.[7]

Plaintiff does not plead factual allegations showing that the agreed-upon conditions for his use of a wheelchair have been met but that Ho and Ojo have continued to refuse to

---

[7]Plaintiff's pleadings acknowledge that the provisions of the CSA remain in effect. As recently as May 15, 2020, plaintiff relied on the CSA (which he refers to as 'the Mediation agreement") to enforce his agreed right to not be moved to a different cell. (Docket Entry No. 1, ¶ 168: "May 15, 2020 A Captian [*sic*] came by my cell to [*sic*] day to move me to another cell and I had to pull the Mediation agreement out and show him that according to the agreement I can't be moved until I am healed. They (Admin) is very upset.").

provide him a wheelchair. Thus, plaintiff's claim for denial of a wheelchair, to the extent that his claim does *not* rely on his meeting the conditions for a wheelchair set forth in the CSA, is barred as *res judicata*.

Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** under FRCP 12(b)(6). Plaintiff is **GRANTED LEAVE** to amend within **THIRTY DAYS** to plead factual allegations sufficient to raise a timely and viable claim under section 1983 for denial of a wheelchair that is not barred as *res judicata* by the *Naik* CSA and dismissal. This ruling should be construed in context of the Court's other rulings regarding the instant motion to dismiss.

B.   <u>Supervisory Liability</u>

Defendants Ho and Ojo move to dismiss plaintiff's deliberate indifference claims brought against Ho for supervisory liability as to conduct of other UTMB employees under her supervision.

"A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). "In order to establish supervisory liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.*

Plaintiff pleads in his amended complaint that,

> Dr. Ho and Dr. Ojo have refused to provide or refer necessary care to seal up the wounds that are open on Mr. Eubanks body causing infection and severe pain.  Dr. Ho was promoted at some time but is still in a supervisory position whereby Dr. Ho approves or doesn't approve the medical treatment of Mr. Eubanks.

(Docket Entry No. 38, ¶ 17.)  This pleading is minimally sufficient under FRCP 12(b)(6) to raise deliberate indifference claims against Ho and Ojo, and to raise a claim against Ho in a supervisory capacity for affirmative participation in the acts allegedly causing the constitutional deprivation.  *See Gates*, 537 F.3d at 435.

Defendants' motion to dismiss plaintiff's supervisory liability claim against Ho is **DENIED WITHOUT PREJUDICE**.

C.    Qualified Immunity

Defendant Ho and Ojo argue that they are entitled to qualified immunity as to plaintiff's section 1983 claims for deliberate indifference.  That is, they contend that "Plaintiff has not set forth sufficient factual matter to show that Drs. Ojo and Ho violated a clearly established constitutional right, therefore, Drs. Ojo and Ho are entitled to qualified immunity."  (Docket Entry No. 70.)

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  "Qualified immunity gives government officials breathing room

31

to make reasonable but mistaken judgments." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (cleaned up). Moreover, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Texas A&M University*, 168 F.3d 196, 201 (5th Cir. 1999).

To defeat a claim of qualified immunity, a plaintiff has the burden to demonstrate the inapplicability of the defense. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). But this is not a heightened standard. "[A] plaintiff must plead qualified immunity facts with the minimal specificity that would satisfy *Twombly* and *Iqbal*." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023); *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020). In determining qualified immunity for purposes of a motion to dismiss, the court accepts the factual allegations of plaintiff's complaint as true and applies Rule 12(b)(6) standards. *See, e.g.*, *Morrison v. Walker*, 704 F. App'x 369, 372 (5th Cir. 2017).

To meet his burden of proof, a plaintiff must show that the official's conduct violated his statutory or constitutional right and was objectively unreasonable in light of clearly established law at the time of the violation. The court may address either or both prongs as necessary in a particular case. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). With respect to the second prong, the constitutional right "must be sufficiently clear to put a reasonable officer on notice that certain conduct violates that right." *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998). "The subjective intent of the officer is irrelevant, and the officer's

knowledge of the law need not rise to the level of a constitutional scholar." *Id.* at 467 (cleaned up). In other words, "[w]hen considering a defendant's entitlement to qualified immunity, [the Court] must ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable official would understand that what he is doing violates [the law]." *McLin*, 866 F.3d at 695 (cleaned up). "To answer that question in the affirmative, we must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Id.* at 696. "Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Id.*

Plaintiff raises two grounds in his response opposing qualified immunity. He argues first that defendants are not entitled to qualified immunity under the facts and law; he argues second that the defense of "[q]ualified immunity should no longer exist." (Docket Entry No. 73, pp. 10–11.) The Court will address these arguments in inverse order.

i.       *The Defense of Qualified Immunity Should No Longer Exist*

Plaintiff contends that the defense of qualified immunity is a construct of flawed legal jurisprudence that should not be recognized by this Court. Plaintiff proffers no controlling precedent from the Supreme Court of the United States or the United States Court of Appeals for the Fifth Circuit in support of his argument. To the contrary, he directs the Court to the *dissenting* opinion in the recent decision of *Rogers v. Jarrett*, 63 F.4th 971, 980 (5th Cir.

2023) (Willett, J., dissenting) ("[M]odern [qualified] immunity jurisprudence is not just *a*textual but *counter*textual.") (emphasis in original).[8] However, *Rogers* not only recognized the defense of qualified immunity in context of a prisoner's deliberate indifference claims against his physicians, but it upheld the district court's summary judgment dismissal of the claims as barred by qualified immunity.

This Court declines to adopt plaintiff's novel but untenable argument that the concept of qualified immunity should no longer be recognized.

ii.     *Defendants' Entitlement to Qualified Immunity – Wheelchair*

Defendants argue that plaintiff's pleadings fail to set forth sufficient factual matter to show that they violated a clearly established constitutional right in not providing him a wheelchair, and that they are entitled to the defense of qualified immunity.   In opposing defendants' motion to dismiss, plaintiff refers to the following pleadings in his amended complaint:

> 16.     Mr. Eubanks is currently is [*sic*] a double leg amputee. Dr. Ho was Mr. Eubanks' primary care physician. He has requested the use of a wheelchair from Dr. Ho and Dr. Ojo to get around in his cell and so that he can be wheeled to the law library and outside for air and do other things in the TDCJ prison but has been refused or ignored.

(Docket Entry No. 38, ¶¶ 16–17.)[9]  No date is pleaded as to this alleged event.

---

[8]Citing Alexander A. Reinert, *Qualified Immunity's Flawed Foundation*, 111 Calif. L. Rev. 201, 235 (2023) (referencing the Civil Rights Act of 1871, ch. 22, § 1, 17 Stat. 13).

[9]Plaintiff further cites as support pages 7 through 22 in his original complaint; however, those factual allegations all relate to events that occurred in 2015 through August 18, 2018. (Docket Entry

Plaintiff's claims regarding denial of a wheelchair and defendants' attendant entitlement to qualified immunity must be viewed in light of the 2015 CSA, which clearly and unambiguously spelled out the agreed conditions under which plaintiff would be given a wheelchair. Plaintiff acknowledges in his original complaint that he settled and dismissed his wheelchair claims with prejudice in *Naik* in 2015. (Docket Entry No. 1, ¶ 37.) In executing the CSA, plaintiff agreed without reservation that his readiness and ability to use a wheelchair would remain a matter of medical judgment solely within the decision-making authority of his UTMB treating physician.

Plaintiff pleads no factual allegations showing that at any time on or after June 7, 2019, he met the agreed CSA prerequisites for use of a wheelchair. Nor does he plead factual allegations establishing that, in light of the agreed CSA prerequisites, defendant Ho or Ojo violated his constitutional rights by not providing him a wheelchair and that the denial of a wheelchair was objectively unreasonable in light of clearly established law at the time of the violation. Thus, to the extent plaintiff claims that defendants Ho and Ojo were deliberately indifferent to his serious medical needs in not providing him a wheelchair, the claims are barred by qualified immunity.

---

No. 1, pp. 7–22; ¶¶ 37–140.) Plaintiff filed this lawsuit on June 7, 2021. Consequently, his claims that accrued prior to June 7, 2019, are barred by limitations and cannot be used by plaintiff to rebut defendants' claim for qualified immunity.

Defendants' motion to dismiss plaintiff's section 1983 claim for denial of a wheelchair is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE** as barred by qualified immunity.

      *iii.    Defendants' Entitlement to Qualified Immunity – Bodily Wounds*

Plaintiff also claims that defendants Ho and Ojo violated his Eighth Amendment rights by failing to surgically close his bodily wounds and that they are not entitled to qualified immunity.

In opposing defendants' motion, plaintiff relies on the following factual allegations appearing in his amended complaint:

> 17.    Furthermore, Dr. Ho and Dr. Ojo have refused to provide or refer necessary care to seal up the wounds that are open on Mr. Eubanks body causing infection and severe pain. Dr. Ho was promoted at some time but is still in a supervisory position whereby Dr. Ho approves or doesn't approve the medical treatment of Mr. Eubanks.

(Docket Entry No. 38, ¶¶ 16–17.)  Plaintiff further argues in his response as follows:

> As Mr. Eubanks's doctors, Defendants Ho and Ojo may be liable both directly for their deliberately indifferent care of Mr. Eubanks and as supervisors for their unconstitutional policies with respect to his care. They have left Mr. Eubanks sitting in his own urine with continuously infected wounds and rotting skin, and refused to provide appropriate treatment apart from the bare minimum of changing the wound dressings. (Doc. 38 ¶¶ 16–17; Doc. [1] pp. 7–22.)  Such conduct demonstrates subjective awareness of a serious risk of death through sepsis, let alone the continued extreme physical pain and disfigurement Plaintiff has experienced, and is an obvious violation of his Eighth Amendment rights that overcomes their assertion of the qualified immunity defense.  *See Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) ("no reasonable correctional officer could have concluded that . . . it was

constitutionally permissible to house Taylor in such deplorably unsanitary conditions for such an extended period of time.")

(Docket Entry No. 73, pp. 9–10; footnotes relocated to text; *Taylor* quotation corrected to remove inappropriate modification by plaintiff.)

The Court finds that plaintiff's factual allegations are sufficient to defeat Ho and Ojo's request for qualified immunity at this pleadings stage as to his deliberate indifference claim regarding his bodily wounds.

Defendants' motion to dismiss plaintiff's bodily wound deliberate indifference claim as barred by qualified immunity is **DENIED WITHOUT PREJUDICE**.

D.   TTCA

Defendants Ho and Ojo further argue that plaintiff's state tort law claims for negligence and/or malpractice are barred by the TTCA and should be dismissed under FRCP 12(b)(1).

As with plaintiff's TTCA claims against Orihuela and Bauer, *supra*, the claims must be dismissed to extent they are based on conduct within the general scope of Ho and Ojo's employment with UTMB and the claims could have been brought under the TTCA against UTMB. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). For the same reasons as the Court dismissed plaintiff's state tort law claims against defendant Orihuela and Bauer under section 101.106(f), the Court dismisses plaintiff's state tort law claims against Ho and Ojo under section 101.106(f).

Defendants Ho and Ojo's motion to dismiss plaintiff's state tort law claims under section 101.106(f) is **GRANTED**. The claims are **DISMISSED WITHOUT PREJUDICE**.

## VII. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.  The Motion to Dismiss filed by defendants TDCJ and UTMB (Docket Entry No. 45) is **GRANTED**.

2.  The Amended/Supplemental Motion to Dismiss filed by defendants TDCJ and UTMB (Docket Entry No. 65) is **DENIED WITHOUT PREJUDICE AS MOOT**.

3.  The Motion to Dismiss filed by defendants Orihuela and Bauer (Docket Entry No. 59) is **GRANTED IN PART**, **DENIED IN PART WITHOUT PREJUDICE**, and **DISMISSED IN PART WITHOUT PREJUDICE AS MOOT**.

4.  The Motion to Dismiss filed by defendants Ho and Ojo (Docket Entry No. 70) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

5.  Plaintiff is **GRANTED LEAVE TO AMEND** his complaint within **THIRTY DAYS** from date of this order consistent with the Court's rulings in this order.

6.  Any further dispositive motions, including motions for summary judgment, must be filed within 120 days from date of this order.

7.  This is an **INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on this the ⟍⟍⟍ day of March, 2024.


⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍⟍
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE